IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>                    Plaintiff,<br><br>          vs.<br><br>A. HOGAN III, #2263 City of Omaha Officers; JOHATHAN B. GORDEN, #1927 City of Omaha Officers; MICHAEL J. MEYERS, #1307 City of Omaha Officers; and CHRISTOPHER S. MILLER, #2272 City of Omaha Officers;<br><br>                    Defendants. | **8:23CV64**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Quintan J. Kimbrough, a prisoner currently confined in the custody of the Bureau of Prisons ("BOP"), *see* Filing No. 18, filed a Complaint on February 17, 2023, when he was a pretrial detainee incarcerated in the Douglas County Correctional Center ("DCCC"). Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff claims he was subjected to excessive force by Omaha police officers A. Hogan III, Jonathan B. Gorden, Michael J. Meyers, and Christopher S. Miller (collectively "Defendants") on April 18, 2020, while being transported to DCCC following his arrest. Plaintiff alleges he was twice dragged from the back of the police cruiser while in handcuffs, and was tased, punched, kneed, kicked, and choked as he was face-down on concrete being searched. Plaintiff also alleges the car door was slammed on his foot and head and his head was smashed into the cruiser's divider window.

Plaintiff alleges he suffered numerous injuries, and he seeks money damages for those injuries.  Plaintiff also seeks to have Defendants removed from the Omaha police force as well as expungement of criminal records and "downward departures of immediate release from [the] FBOP sentences and post supervised release" for himself and other individuals in federal BOP custody.  Filing No. 1 at 8.

Plaintiff filed a previous lawsuit in this Court raising these same claims against Defendants—*Kimbrough v. Hogan et al*, No. 8:20-cv-00262-JFB-PRSE (D. Neb. 2020) (hereinafter "8:20CV262").  *See* Filing No. 1 at 14.  In 8:20CV262, the Court concluded Plaintiff alleged sufficient facts to state a Fourth Amendment excessive-force claim, but Plaintiff failed to specify that Defendants were sued in their individual capacities and the Complaint failed to allege a plausible claim against Defendants in their official capacities.  *Kimbrough v. Hogan*, No. 8:20CV262, 2020 WL 5407996 (D. Neb. Sept. 9, 2020); *see also* Filing No. 7, Case No. 8:20CV262.  The Court gave Plaintiff leave to amend his Complaint, but Plaintiff instead filed a motion to voluntarily dismiss his complaint without prejudice.  Filing No. 9, Case No. 8:20CV262.  The Court granted Plaintiff's motion and dismissed 8:20CV262 on September 22, 2020.  Filing Nos. 10 & 11, Case No. 8:20CV262.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be

granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION

Here, as in 8:20CV262, Plaintiff asserts a Fourth Amendment excessive-force claim against Defendants arising out of his arrest on April 18, 2020.  As the Court previously explained,

> Because Plaintiff was a post-arrest detainee at the time of the alleged incidents, the Fourth Amendment's "objective reasonableness" standard applies to his excessive-force claim.  *See Davis v. White*, 794 F.3d 1008, 1011-12 (8th Cir. 2015).  "Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'"  *Wilson v. Lamp*, 901 F.3d 981, 989 (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865).  The court may also consider the result of the force.  *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009).  "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat."  *Wilson*, 901 F.3d at 989 (citing *Smith*, 586 F.3d at 581).

*Kimbrough*, 2020 WL 5407996, at *2.

Again, as with 8:20CV262, Plaintiff's Complaint contains sufficient facts from which to conclude he was subjected to an objectively unreasonable amount of force by Defendants.  Unfortunately, Plaintiff's Complaint suffers from the same defect as his complaint in 8:20CV262; namely, Plaintiff does not specify that Defendants are being sued in their individual capacities.  Filing No. 1 at 3–4 (boxes for "Individual capacity" and "Official capacity" unchecked for each Defendant).  Thus, the Court is forced to assume Defendants are sued only in their official capacities.  *Kimbrough*, 2020 WL 5407996, at *2 (citing *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

Plaintiff should be aware that because he has sued Defendants in their official capacities only, such claims are actually asserted against Defendants' employing entity,

4

the City of Omaha.  *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted).

The City of Omaha may only be liable under section 1983 if a "policy" or "custom" of the City caused a violation of the Plaintiff's constitutional rights.  *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).  To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's Complaint fails to allege that any actions were taken pursuant to a policy or custom of the City of Omaha or that his injuries resulted from a failure to train

or supervise the Defendant police officers.  "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Thus, as it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  However, on the Court's own motion, Plaintiff will be given leave to file an amended complaint to allege his claims against each Defendant in his individual capacity.

If Plaintiff files an amended complaint, he should be aware that much of the relief sought in his Complaint is not available to Plaintiff even if Defendants are sued in their individual capacities.  The Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, limits prospective relief to an order correcting the violation.  *See Farner v. Duncan*, No. 16-CV-310-NJR, 2016 WL 3254519, at *4 (S.D. Ill. June 14, 2016) (citing 18 U.S.C. § 3626(g)(9), (g)(7); *Rowe v. Jones*, 483 F.3d 791, 795 (11th Cir. 2007)).  Prospective relief is defined as including "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7).  Therefore, to the extent Plaintiff seeks termination of Defendants' employment, limitations on future employment, expungement of records, and a downward sentence departure, such relief is outside the scope of this Court's authority under the PLRA.  Further, Plaintiff seeks relief on behalf of other federal inmates who are not parties to this action, Filing No. 1 at 8, which he is prohibited from doing.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  As such, any relief sought for

any of the non-party inmates mentioned in Plaintiff's Complaint also cannot be addressed by this Court in this action.

## IV.  OTHER PENDING MOTIONS

### A.  Motion for Prayer for Relief

Plaintiff filed a "Motion for Prayer for Relief" in which he asks the Court "for a general prayer, prayer of process in the above[] docket in all aspects of procedurals to move this honorable court, bar to time of process response." Filing No. 11 (spelling corrected).  The Court is uncertain as to what relief Plaintiff seeks in this motion.  To the extent Plaintiff asks the Court to issue process, or summons, on Defendants, Plaintiff's request is premature as the Court has not yet determined that this matter may proceed to service of process.  Plaintiff's motion is, therefore, denied.

### B.  Motion to Strip Immunity

Plaintiff filed his "Motion to Strip Immunity," Filing No. 12, presumably seeking the removal of any immunity defenses which may be applicable to Defendants.  Plaintiff's Motion to Strip Immunity must be denied for at least two reasons.

First, while qualified immunity can be defeated in some scenarios, *see Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (qualified immunity protects government officials only to extent that their conduct does not violate clearly established rights of which a reasonable person should have known), specific facts need to be alleged to support such a finding, *Corman v. Stenehjem*, No. 3:12-CV-53, 2013 WL 248100, at *3 (D.N.D. Jan. 23, 2013).  Plaintiff alleges no fact in support of his position.

Second, and more importantly, Plaintiff's Complaint requires amendment for any claim to proceed.  Therefore, no immunity defenses have been presented, rendering

Plaintiff's Motion to Strip Immunity premature.  As such, Plaintiff's Motion to Strip Immunity shall be denied without prejudice.

## C.  Motion of Protection

Plaintiff filed a "Motion of Protection" seeking protection from "malice or prejudice that is forced upon [him] by defendants" and asking for a "restraining order, permanent protective order be granted to [Plaintiff] immediately, indefinitely."  Filing No. 13.

In determining whether a preliminary injunction should issue, the Court is required to consider the factors set forth in *Dataphase Systems, Inc. v. C.L. Sys. Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc).  A district court should weigh "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *Id.*  A preliminary injunction is considered an extraordinary remedy, and the burden of proving each of the *Dataphase* factors lies with the party seeking the injunction.  *Watkins v. Lewis*, 346 F.3d 841, 844 (8th Cir.2003).

Here, Plaintiff does not address any of the factors required for issuance of an injunction.  Accordingly, his Motion of Protection shall be denied without prejudice.

## D.  Motions for Discovery

Plaintiff filed two subpoenas, which the Court docketed as Motions for Discovery, seeking body, dash, and cruiser camera footage from the date of his arrest on April 18, 2020, from a non-party, Axon Manufacturing.  Filing No. 14; Filing No. 16.  The discovery motions, however, are premature as the Court has yet to determine the Complaint may proceed to service of process.  *See Jackson v. Herrington*, 393 F. App'x

8

348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in in forma pauperis prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b).") (citation omitted). It follows that no discovery may take place until after the Court determines this matter may proceed to service of process, which cannot take place until Plaintiff files an amended complaint and this Court determines that amended complaint, or a portion thereof, may proceed. As such, the Motions for Discovery shall be denied without prejudice.

**E. Motion for Copies**

On November 20, 2023, Plaintiff filed what the Court construed and docketed as a Motion for Copies seeking, in relevant part, "copies" of all documents filed into the instant matter as well as Case Number 8:23CV49[1] due to prison officials discarding or misplacing most of his case materials in the process of transferring Plaintiff. Filing No. 19.

The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir.1973)).

---

[1] Plaintiff's requests related to Case No. 8:23CV49 were addressed by separate order in that case. *See* Filing No. 32, Case No. 8:23CV49.

While there is no right to copies without payment, the Court shall grant Plaintiff's motion only to the extent Plaintiff seeks a copy of his Complaint so that he may amend his Complaint in compliance with this Memorandum and Order.  **Plaintiff is warned that this is a one-time courtesy and all further requests for copies must be directed to the Clerk's Office.**  If Plaintiff requires copies of additional documents, he should contact the Clerk's Office to determine the proper method of requesting and paying for copies.

## V.  CONCLUSION

The Court finds upon initial review that Plaintiff's Complaint fails to state a claim upon which relief may be granted, but Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint to allege his claims against Defendants in their individual capacities.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, the claims against Defendants will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until **March 29, 2024**, to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in their individual capacities.  Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this case without prejudice and without further notice to Plaintiff.

2.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

3.      Plaintiff's Motion for Copies, Filing No. 19, is granted to the extent Plaintiff seeks a copy of the Complaint, Filing No. 1.

4.      The Clerk of the Court is directed to provide Plaintiff a copy of Filing No. 1 along with this Memorandum and Order.

5.      Plaintiff's Motion for Prayer for Relief, Filing No. 11, Motion to Strip Immunity, Filing No. 12, Motion of Protection, Filing No. 13, and Motions for Discovery, Filing No. 14; Filing No. 16, are denied without prejudice.

6.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **March 29, 2024**: check for amended complaint.

7.      Plaintiff shall keep the Court informed of his current address at all times while this case is pending.   Failure to do so may result in dismissal without further notice.


Dated this 28th day of February, 2024.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge