IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>Plaintiff,<br><br>vs.<br><br>A. HOGAN III, #2263 City of Omaha Officers; JOHATHAN B. GORDEN, #1927 City of Omaha Officers; MICHAEL J. MYERS,[1] #1307 City of Omaha Officers; CHRISTOPHER S. MILLER, #2272 City of Omaha Officers; and CITY OF OMAHA OFFICERS,<br><br>Defendants. | 8:23CV64<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Quintan J. Kimbrough's correspondence filed on November 8, 2024, which the Court construes as a motion for status. Filing No. 22. Plaintiff's motion is granted, and this Memorandum and Order will serve to advise Plaintiff of the status of his case. Plaintiff, a prisoner currently confined in the custody of the Bureau of Prisons ("BOP"), see Filing No. 18, filed a Complaint, Filing No. 1, on February 17, 2023, when he was a pretrial detainee incarcerated in the Douglas County Correctional Center ("DCCC") and was given leave to proceed in forma pauperis, Filing No. 7. On February 28, 2024, the Court conducted an initial review under 28 U.S.C. §§ 1915(e) and 1915A and determined Plaintiff's Complaint failed to state a claim upon which relief may be granted against any of the defendants, who were sued only in their official capacities. Filing No. 20. However, the Court gave Plaintiff leave to file an amended complaint to allege his claims against the defendants in their

---

[1] The Court has updated the caption to reflect the new spelling for this defendant's last name used in the Amended Complaint. Compare Filing No. 21 at 1 with Filing No. 1 at 1.

individual capacities. *Id*. at 10. Plaintiff timely filed his Amended Complaint, Filing No. 21, which this Court received and docketed on April 5, 2024.[2] The Court now conducts an initial review of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF AMENDED COMPLAINT

In his Amended Complaint, Plaintiff essentially restates the allegations of his original Complaint but now specifies that each defendant is sued in his individual capacity. Filing No. 21 at 4–5. Specifically, Plaintiff claims Omaha police officers A. Hogan III, Johnathan B. Gorden,[3] Michael J. Myers, and Christopher S. Miller (collectively "Defendants")[4] subjected him to excessive force on April 18, 2020, while being transported to DCCC following his arrest. Plaintiff alleges he was at least twice dragged from the back of the police cruiser while in handcuffs and was tased, punched, kneed, kicked, choked, and his head slammed into the ground. Plaintiff also alleges Defendants slammed Plaintiff's head into the car door while "shoving Plaintiff back into the vehicle . . . causing the Plaintiff to lose consciousness." *Id*. at 5–6. Plaintiff asserts "Defendants' actions of assaulting Plaintiff while allegedly stopping Plaintiff from

---

[2] Plaintiff's Amended Complaint includes a signed statement that Plaintiff placed his pleading in his institution's mailbox on March 29, 2024, with postage prepaid. Filing No. 21 at 9. Thus, the Court considers Plaintiff's Amended Complaint to have been timely filed on March 29, 2024, pursuant to the prison mailbox rule. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline."); *Sulik v. Taney County*, 316 F.3d 813, 815 (8th Cir. 2003) ("[T]he prison mailbox rule governs the determination of when a prisoner's civil complaint has been filed."), *overruled on other grounds in later appeal*, 393 F.3d 765 (8th Cir. 2005).

[3] In its previous order on initial review, the Court identified this defendant as "Jonathan B. Gorden." *See* Filing No. 20 at 1.

[4] The docket sheet also lists "City of Omaha Officers" as a defendant to this action, but the Court understands "City of Omaha Officers" to be merely a descriptive phrase for the four individual defendants. *See* Filing No. 21 at 1, 4–5. Accordingly, the Court will direct the Clerk of the Court to remove "City of Omaha Officers" as a party to this action.

concealing drugs in his rectum was [sic] a ruse to cover Defendants' excessive use of force." Id. at 2. Plaintiff alleges he suffered numerous injuries, and he seeks money damages for those injuries.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed,

and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

In his Amended Complaint, Plaintiff specifies that he seeks relief against Defendants "under the Eighth Amendment's Cruel and Unusual Punishment Clause [for excessive force]" and also seeks to assert a state-law battery claim. Filing No. 1 at 3. As the Court previously explained, however, Plaintiff's excessive force claim arises under the Fourth Amendment.

> Because Plaintiff was a post-arrest detainee at the time of the alleged incidents, the Fourth Amendment's "objective reasonableness" standard applies to his excessive-force claim. See Davis v. White, 794 F.3d 1008, 1011-12 (8th Cir. 2015). "Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Wilson v. Lamp, 901 F.3d 981, 989 (quoting Graham, 490 U.S. at 396, 109 S.Ct. 1865). The court may also consider the result of the force. Smith v. Kansas City, Missouri Police Dep't, 586 F.3d 576, 581 (8th Cir. 2009). "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." Wilson, 901 F.3d at 989 (citing Smith, 586 F.3d at 581).

Filing No. 20 at 4 (quoting *Kimbrough v. Hogan*, No. 8:20CV262, 2020 WL 5407996, at *2 (D. Neb. Sept. 9, 2020)).

As in the Court's February 28, 2024, Memorandum and Order on initial review, the Court finds Plaintiff's Amended Complaint contains sufficient facts from which to conclude he was subjected to an objectively unreasonable amount of force by Defendants, and this matter may now proceed to service of process against Defendants in their individual capacities.

Plaintiff also alleges a state-law battery claim against Defendants. Filing No. 21 at 8. At this time, the Court makes no finding with respect to its jurisdiction over this claim or whether Plaintiff's allegations state a claim upon which relief may be granted. In order to ensure a just and fair resolution of this matter, Plaintiff's state-law claim will be allowed to proceed to service of process against Defendants along with his Fourth Amendment excessive force claim.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for status, Filing No. 22, is granted.

2. Plaintiff's Fourth Amendment excessive force claim and state-law battery claim may proceed to service of process against Defendants in their individual capacities.

3. The Clerk of the Court is directed to update the caption to remove "City of Omaha Officers" as a defendant to this action and to change the spelling of Defendant Michael J. Meyers' last name to "Myers" to correspond to the Amended Complaint.

4. For service of process on Defendants A. Hogan III #2263, Johathan B. Gorden #1927, Michael J. Myers #1307, and Christopher S. Miller #2272 in their

individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for Defendants using the address "Omaha Police Department, 505 S. 15th St., Omaha, Nebraska 68102" and forward them together with sufficient copies of the Amended Complaint, Filing No. 21, the Court's February 28, 2024, Memorandum and Order, Filing No. 20, and this Memorandum and Order to the United States Marshals Service. The Marshals Service shall serve Defendants A. Hogan III #2263, Johnathan B. Gorden #1927, Michael J. Myers #1307, and Christopher S. Miller #2272 at Omaha Police Department, 505 S. 15th St., Omaha, Nebraska 68102 by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[5]

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

7. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: **March 17, 2025**: service of process to be completed.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 16th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge