IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>              Plaintiff,<br><br>   vs.<br><br>A. HOGAN III, #2263 City of Omaha Officers; JOHATHAN B. GORDEN, #1927 City of Omaha Officers; MICHAEL J. MYERS, #1307 City of Omaha Officers; and CHRISTOPHER S. MILLER, #2272 City of Omaha Officers;<br><br>              Defendants. | 8:23CV64<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's motion (the "Motion") seeking copies of Defendants' motion for partial dismissal and for an extension of time to respond to Defendants' motion. Filing No. 31. As set forth below, Plaintiff's Motion is granted.

On February 7, 2025, Defendants filed a motion seeking partial dismissal of Plaintiff's Amended Complaint, Filing No. 28, along with a supporting brief, Filing No. 29. Both the motion for partial dismissal and the brief contain certificates of service attesting that copies were sent by regular U.S. mail to Plaintiff at his institutional address in Kentucky. Filing No. 28 at 2; Filing No. 29 at 11. On February 10, 2025, the Court entered a case management order setting Plaintiff's deadline to submit a brief in opposition to Defendants' motion for partial dismissal as February 28, 2025. Filing No. 30. In his Motion, which is dated February 23, 2025, and was received in this Court on March 3, 2025, Plaintiff asks for an extension of time to respond to Defendants' motion for partial dismissal because he did not receive a copy of Defendants' motion for partial

dismissal and brief. Filing No. 31. Plaintiff also requests that he be provided a copy of Defendants' motion for partial dismissal materials.

Upon consideration, the Court will order Defendants to file a response to Plaintiff's Motion and show cause why Plaintiff has not received the motion for partial dismissal materials as required. See Fed. R. Civ. P. 5(a)(1)(D). The Court is aware that mail to correctional institutions may sometimes be delayed or otherwise prevented from being delivered to inmates for reasons outside of the parties' control. By requiring Defendants to respond to Plaintiffs' Motion, the Court simply seeks assistance in determining whether the materials Defendants sent to Plaintiff reached him or need to be resent to Plaintiff. To that end, the Court also shall direct Plaintiff to update the Court if he has received copies of Defendants' motion for partial dismissal materials since the time he filed his Motion.

Lastly, Plaintiff requests an extension of time to file his brief in opposition to the motion for partial dismissal. Upon consideration, the Court will grant Plaintiff's request for an extension. For now, Plaintiff's deadline to file and serve his brief is suspended until after Defendants have an opportunity to respond to the Motion and the Court is satisfied that the motion for partial dismissal materials have been provided to Plaintiff. The Court will set a new briefing deadline for Plaintiff at that time.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion, Filing No. 31, is granted as follows:

   a. On or before **May 6, 2025**, Counsel for Defendants shall submit a response to Plaintiff's Motion consistent with this Memorandum and Order.

    b.    Plaintiff shall inform the Court if he has received copies of Defendants' motion for partial dismissal materials since the time he filed his Motion or at any time after the date of this Memorandum and Order.

    c.    Plaintiff's request for an extension is granted. Plaintiff's deadline to submit his brief in opposition to partial dismissal is suspended. After Defendants file a response to Plaintiff's Motion as required by this order, the Court will set a new deadline for Plaintiff to submit his brief.

2.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 6, 2025**: deadline for Defendants to file response to Motion.

Dated this 16th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge