IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>    Plaintiff,<br><br>vs.<br><br>A. HOGAN III, #2263 City of Omaha Officers; JOHATHAN B. GORDEN, #1927 City of Omaha Officers; MICHAEL J. MYERS, #1307 City of Omaha Officers; and CHRISTOPHER S. MILLER, #2272 City of Omaha Officers;<br><br>    Defendants. | **8:23CV64**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on case management, as well as Plaintiff's two Motions for Discovery, Filing No. 39; Filing No. 41, and "Motion for an Order Compelling Disclosure, Dismiss Partial Dismissal" (the "Motion to Compel"), Filing No. 42 (spelling corrected).  For the reasons that follow, the Court will order Defendants to show cause regarding Plaintiff's receipt of the required motion for partial dismissal materials and will deny Plaintiff's Motions for Discovery and Motion to Compel without prejudice.

## I.  CASE MANAGEMENT AND PRIOR ORDER TO SHOW CAUSE

  On February 7, 2025, Defendants filed a motion seeking partial dismissal of Plaintiff's Amended Complaint, Filing No. 28, along with a supporting brief, Filing No. 29. On March 3, 2025, the Court received Plaintiff's motion (the "Motion for Extension") dated February 23, 2025, seeking copies of Defendants' motion for partial dismissal and for an extension of time to respond to Defendants' motion because he did not receive a copy of Defendants' motion for partial dismissal and brief.  Filing No. 31.  On April 16, 2025, the Court entered an order granting Plaintiff's Motion for Extension and directed "Defendants

to file a response to Plaintiff's Motion and show cause why Plaintiff has not received the motion for partial dismissal materials as required." Filing No. 38 at 2. The Court further directed "Plaintiff to update the Court if he has received copies of Defendants' motion for partial dismissal materials since the time he filed his Motion." Id.

Neither Defendants nor Plaintiff filed a response to the Court's April 16, 2025, order by May 6, 2025. Rather, on April 22, 2025, Plaintiff filed a "Motion for Discovery Under Rule 26 & 45" dated April 11, 2025, consisting of copies of subpoenas addressed to the Omaha Police Department and Axon Manufacturing. Filing No. 39. On April 28, 2025, Defendants filed a Notice of Serving Defendants' Objection (the "Notice") stating they "served their written objection to Plaintiff in relation to the subpoena he purported to serve on or about April 22, 2025." Filing No. 40 (citing Filing No. 39). Defendants also stated that "their representatives contacted the correctional institution Plaintiff is in and received mailing instructions to ensure his receipt of the notice." Id. Defendants did not, however, indicate whether any inquiry or efforts had been made to determine whether Plaintiff had received the motion for partial dismissal materials. Plaintiff then filed on May 2, 2025, what the Court construes as a second Motion for Discovery, Filing No. 41, followed by his Motion to Compel, Filing No. 42, on July 22, 2025. In the Motion to Compel, Plaintiff does ask that the Court deny Defendants' motion for partial dismissal, stating, "I have yet to receive specifics of what parts they (the defendants and representatives) wish to have or be dismissed." Filing No. 42.

Based on Plaintiff's statement in his Motion to Compel, it appears Plaintiff has yet to receive Defendants' motion for partial dismissal and supporting brief, and Defendants' lack of response to the Court's April 16, 2025, order to show cause only reinforces this

2

apparent state of affairs. Accordingly, the Court will again order Defendants to file a written response to this order within 21 days and show cause why Plaintiff has not received the motion for partial dismissal materials as required. Defendants need only inform the Court in writing of what, if any, inquiries or efforts they have made to determine whether Plaintiff has received the motion for partial dismissal materials Defendants served on Plaintiff. For example, if Defendants have resent the motion for partial dismissal materials to Plaintiff using the correct mailing instructions noted in Defendants' Notice, see Filing No. 40, then Defendants should inform the Court of that in their written response. **Defendants are warned that failure to respond to this order to show cause by August 13, 2025, shall result in the Court denying their motion for partial dismissal without prejudice to reassertion**.

## II. MOTIONS FOR DISCOVERY

As indicated above, on April 22, 2025, Plaintiff filed a "Motion for Discovery Under Rule 26 & 45," consisting of copies of subpoenas addressed to the Omaha Police Department and Axon Manufacturing and essentially seeking any video footage of Plaintiff's April 18, 2020, arrest. Filing No. 39. Subsequently, on May 2, 2025, Plaintiff filed his second Motion for Discovery, which consists of a Department of Homeland Security, U.S. Citizenship and Immigration Services Form G-639, Freedom of Information/Privacy Act Request and again requests "footage of [Plaintiff's] April 18th 2020 arrest full-unedited body-cruiser inside & dash outside recordings." Filing No. 41. Liberally construed, Plaintiff is seeking production of documents and other information from Defendants.

3

The Court has reviewed Plaintiff's motions for discovery but does not find that Plaintiff is requesting any relief from the Court, which is the hallmark of a motion. *See* Fed. R. Civ. P. 7(b). This is an unauthorized filing which will be ordered stricken from the Court file. *See* NECivR 5.4(a) ("Disclosures under Federal Rule of Civil Procedure 26(a)(1) and (2), depositions, interrogatories, answers and objections to interrogatories, requests for admissions, answers and objections to requests for admissions, requests to produce or inspect, and responses to requests to produce or inspect must not be filed until needed for trial, resolution of a motion, or on the court's order."). The Court notes that discovery documents filed with the Court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure.

Moreover, as explained below, to the extent Plaintiff seeks the Court's assistance in obtaining discovery from Defendants, his requests are premature.

### III. MOTION TO COMPEL

On July 22, 2025, Plaintiff filed his Motion to Compel asking "for an order compelling disclosure of materials stated in previous filing of subpoena," specifically the video footage Plaintiff requested. Filing No. 42. Plaintiff asserts that such disclosure is required under Federal Rule of Civil Procedure 26(a)(1)(A). Plaintiff, however, is incorrect, and his Motion to Compel is premature.

As this Court's local rules provide,

> Pro se cases assigned to a district judge for trial are exempt from the disclosure and conference requirements of Federal Rule of Civil Procedure 26. Unless otherwise ordered by the court, approximately 30 days after the last defendant files an answer, the court will issue an "Order Setting Schedule for Progression of Case" addressing discovery and other issues. *No discovery may take place until this progression order is entered except upon motion and order*.

4

NECivR 16.1(c)[1] (emphasis added).

Here, Defendants have not yet filed an answer but, instead, filed a motion for partial dismissal, which is still pending resolution, and the Court has not yet entered a progression order.  Thus, no discovery may yet take place, and the Court does not find the need for any discovery at this time based on Plaintiff's Motion to Compel given Defendants' representations to Plaintiff that they "will preserve those records presently in their custody."  Filing No. 42 at 5.

Moreover, Plaintiff does not allege that Defendants have denied a properly served request to produce the requested videos in this case.  Indeed, Defendants objected to "Plaintiff's effort to use a subpoena in place of the appropriate discovery provided under the Federal Rules of Civil Procedure."  *Id*.; *see also* Fed. R. Civ. P. 34 (governing requests for production of documents, electronically stored information, and tangible things to other parties).  Further, Plaintiff has not made the required showing that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  "To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord."  NECivR 7.1(j).[2]  This rule does not contain an exception for pro se

---

[1] The Court takes this opportunity to clarify to Plaintiff that the Court's citation to "NECivR" is not, as Plaintiff mistakenly indicated in his Motion to Compel, a citation to the "State of Nebraska Civil Rules."  Filing No. 42 at 1.  Rather, "NECivR" is the proper citation format for citations to the United States District Court for the District of Nebraska's Local Civil Rules.  Plaintiff may request a copy of the Court's local rules from the Clerk of the Court.

[2] "This showing must also state the date, time, and place of the communications and the names of all participating persons. 'Personal consultation' means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation

5

prisoners. *Stanko v. Sanchez*, No. 8:06CV510, 2007 WL 2746859, at *2 & n. 3 (D. Neb. Sept. 18, 2007).

Based on the foregoing,

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions for Discovery, Filing No. 39; Filing No. 41, are denied without prejudice and shall be stricken from the record.

2. Plaintiff's Motion to Compel, Filing No. 42, is denied without prejudice.

3. On or before **August 13, 2025**, Counsel for Defendants shall submit a written response consistent with this Memorandum and Order and show cause why Plaintiff has not received the motion for partial dismissal materials as required. **Defendants are warned that failure to respond to this Memorandum and Order by August 13, 2025, shall result in the Court denying their motion for partial dismissal without prejudice to reassertion**.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **August 13, 2025**: deadline for Defendants' response to order to show cause.

Dated this 23rd day of July, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." NECivR 7.1(j).