IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>              Plaintiff,<br><br>vs.<br><br>A. HOGAN III, #2263 City of Omaha Officers; JOHATHAN B. GORDEN, #1927 City of Omaha Officers; MICHAEL J. MYERS, #1307 City of Omaha Officers; and CHRISTOPHER S. MILLER, #2272 City of Omaha Officers;<br><br>              Defendants. | 8:23CV64<br><br>MEMORANDUM AND ORDER |

Plaintiff Quintan J. Kimbrough has sued Defendants—four Omaha police officers—for violating his Fourth Amendment constitutional rights and for state-law battery. Defendants filed a motion to dismiss Plaintiff's state-law claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), asserting the claims are barred under the Nebraska Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 *et seq*. Filing No. 28. Defendants filed a brief in support, Filing No. 29, and Plaintiff filed a response, Filing No. 46, which the Court has considered. For the reasons that follow, Defendants' motion for partial dismissal will be granted. The Court will also grant Plaintiff's request for counsel included in his response, Filing No. 46 at 4.

**I. STANDARD OF REVIEW**

**A. Rule 12(b)(1): Jurisdiction**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th

Cir. 2010). A Rule 12(b)(1) motion can be presented as either a "facial" or "factual" challenge. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir.1990).

Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1). See Lors v. Dean, 746 F.3d 857, 861 (8th Cir. 2014); Brown v. United States, 151 F.3d 800, 803–04 (8th Cir. 1998). Here, Defendants' sovereign immunity defense based on the PSTCA is brought as a facial challenge, and so the Court looks only to the face of the pleadings in considering Defendants' motion and accepts Plaintiff's factual allegations as true, just as the Court does in a Rule 12(b)(6) motion, as discussed below.

**B. Rule 12(b)(6): Failure to State a Claim**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Whether a plaintiff is represented by counsel or proceeding pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, the Court must liberally construe pro se complaints, and these litigants are held to a lesser pleading standard. Topchian v. JP Morgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014). If the essence of an allegation is discernible, although pleaded without "legal nicety," the Court will construe the complaint in a way that allows

the claim to be evaluated within the proper legal framework. Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

## II.  DISCUSSION

As previously summarized in the Court's Memorandum and Order on initial review of the Amended Complaint, see Filing No. 23, Plaintiff alleges Omaha police officers A. Hogan III, Johnathan B. Gorden, Michael J. Myers, and Christopher S. Miller (collectively "Defendants") subjected him to excessive force on April 18, 2020, while being transported to the Douglas County Correctional Center following his arrest. Plaintiff alleges he was at least twice dragged from the back of the police cruiser while in handcuffs and was tased, punched, kneed, kicked, choked, and his head slammed into the ground. Plaintiff also alleges Defendants slammed Plaintiff's head into the car door while "shoving Plaintiff back into the vehicle . . . causing the Plaintiff to lose consciousness." Filing No. 21 at 5–6. Plaintiff further alleges that, because he "was already fully compliant with arrest sitting in a police car posing no threat or danger, the Defendants could have only taken this action with the intent to harm the Plaintiff. Given this consent and compliance, Defendants choice [sic] to intentionally inflict pain by using malicious force . . . ." Id. at 8. Plaintiff alleges Defendants' use of excessive force caused him to "suffer migraines, headaches, dizziness, and the inability to not walk without pain from nerve damage to his back and neck." Id. at 1 (spelling corrected).

Defendants seek dismissal of Plaintiff's state-law claims, arguing that they are immune from liability for such claims pursuant to the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 to 13-928. The PSTCA "is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees."

*Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *17 (D. Neb. Sept. 16, 2019) (quoting *Geddes v. York County*, 729 N.W.2d 661, 665 (Neb. 2007)); *see* Neb. Rev. Stat. § 13-902 ("[N]o suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the [PSTCA]."). "The PSTCA reflects a limited waiver of governmental immunity," *Geddes*, 729 N.W.2d at 665, and its provisions are strictly construed "in favor of the political subdivision and against the waiver of sovereign immunity," *McKenna v. Julian*, 763 N.W.2d 384, 390 (Neb. 2000), *abrogated on other grounds by Doe v. Bd. of Regents of Univ. of Neb.*, 788 N.W.2d 264 (Neb. 2010). Defendants are employees of the City of Omaha, which is a political subdivision of the State of Nebraska. *See* Neb. Rev. Stat. § 13-903(1) ("Political subdivision shall include . . . cities of all classes . . . ."). "Where a claim against an employee of a political subdivision is based upon acts or omissions occurring within the scope of employment, it is governed by the provisions of the PSTCA." *McKenna*, 763 N.W.2d at 391. Because Plaintiff alleges Defendants' actions were performed within the scope of their employment, *see* Filing No. 21 at 4–5, the PSTCA applies here.

The Court first addresses Defendants' argument that Plaintiff failed to allege compliance with the notice of claim and six-month consideration period required by the PSTCA. Filing No. 29 at 8–9. Under Nebraska law, the filing or presentment of a claim to the appropriate political subdivision, while it is not a jurisdictional prerequisite, is a condition precedent to commencement of a suit under the PSTCA. *Keller v. Tavarone*, 628 N.W.2d 222, 230 (Neb. 2001); Neb. Rev. Stat. § 13-920 ("No suit shall be commenced against any employee of a political subdivision for money on account of damage to or

loss of property or personal injury to or the death of any person caused by any negligent or wrongful act or omission of the employee while acting in the scope of his or her office or employment . . . , unless a claim has been submitted in writing to the governing body of the political subdivision within one year after such claim accrued in accordance with section 13-905."). However, such noncompliance must be raised as an affirmative defense. *Wise v. Omaha Pub. Sch.*, 714 N.W.2d 19, 22 (Neb. 2006); *see also Saylor v. State*, 944 N.W.2d 726, 729 (Neb. 2020). So, noncompliance can only be asserted in a Rule 12(b)(6) motion when, on the face of the complaint, allegations are included which could be the subject of the affirmative defense. *See Smithrud v. City of St. Paul*, 746 F.3d 391, 396 n.3 (8th Cir. 2014) (quoting *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004)); *Weeder v. Cent. Cmty. Coll.*, 691 N.W.2d 508, 515 (Neb. 2005). Here, Plaintiff does not reference the PSTCA in his Amended Complaint, Filing No. 21, so the question of whether he satisfied the conditions precedent of the PSTCA cannot be decided on a motion to dismiss. *See Weeder*, 691 N.W.2d at 515 (relying on federal rules of civil procedure and holding that noncompliance with the PSTCA could be raised in a motion to dismiss when the necessary facts appear on the face of the complaint).

Defendants primarily argue that Plaintiff's state-law claims of battery are barred by the PSTCA and their governmental immunity from such claims has not been waived. Filing No. 29 at 5–8. The PSTCA authorizes tort claims against municipalities, *see* Neb. Rev. Stat. § 13-908, subject to certain exceptions, including any claim arising out of assault, battery, false arrest, false imprisonment, or malicious prosecution, sometimes referred to as the intentional torts exception. Neb. Rev. Stat. § 13-910(7). This exception "does not merely bar claims *for* assault or battery; in sweeping language it excludes any

5

claim *arising out of* assault or battery." Britton v. City of Crawford, 803 N.W.2d 508, 517 (Neb. 2011) (internal quotation marks and citation omitted; emphasis in original).

Here, the facts as alleged by Plaintiff establish that Defendants' alleged actions in dragging him from the police cruiser while in handcuffs, tasing, punching, kneeing, kicking, and choking him, and slamming his head into the door of the cruiser constitute grounds for bringing battery and assault claims under Nebraska law.

> Battery and assault are separate torts resulting from a defendant's intentional actions directed toward another. . . . A battery requires 'an actual infliction' of an unconsented injury upon or unconsented contact with another. . . . In contrast, [the Nebraska Supreme Court has] characterized the intentional tort of assault as a 'wrongful offer or attempt with force or threats, made in a menacing manner, with intent to inflict bodily injury upon another with present apparent ability to give effect to the attempt,' without requiring that the one assaulted be subjected to any actual physical injury or contact.

Reavis v. Slominski, 551 N.W.2d 528, 536 (Neb. 1996) (quoting Bergman v. Anderson, 411 N.W.2d 336, 339 (Neb. 1987) (internal quotations and citation omitted)). Since battery and assault are included within the PSTCA's intentional torts exception, Plaintiff's state-law tort claims against Defendants must be dismissed as barred by the PSTCA. See McKenna, 763 N.W.2d at 388–90 (affirming dismissal of claims brought against individual police officer for assault, battery, and false arrest, based on sovereign immunity).

While the Court is dismissing some of Plaintiff's claims under state law, Defendants have not moved to dismiss any of Plaintiff's claims arising under 42 U.S.C. § 1983, and he is still able to pursue recovery for his alleged claims of excessive use of force under § 1983, to which the administrative prerequisites in the PSTCA do not apply. To the extent Plaintiff can prove a deprivation of his constitutional rights, Plaintiff may recover

6

compensatory damages—including medical expenses, mental anguish, and pain and suffering—that he proves he suffered because of the alleged conduct. *See, e.g.*, *Coleman v. Rahija*, 114 F.3d 778, 786–87 (8th Cir. 1997).

### III. PLAINTIFF'S REQUEST FOR COUNSEL

In his response to Defendants' motion for partial dismissal, Plaintiff included a request for the appointment of counsel to assist him with prosecution of his claims based on his inability to secure counsel on his own and his lack of access to legal resources due to his incarceration at U.S.P. McCreary in Kentucky and the facility being in lock-down status. Filing No. 46 at 4. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Upon careful consideration, the Court finds appointment of counsel appropriate given that this matter will proceed to discovery, Plaintiff has previously exhibited a lack of understanding about appropriate discovery procedures, and Plaintiff's out-of-state incarceration has hindered his ability to timely communicate with the Court in the past.

## IV.  CONCLUSION

Plaintiff's state-law claims are barred by the PSTCA and must be dismissed. However, this matter will proceed on Plaintiff's Fourth Amendment excessive force claim under 42 U.S.C. § 1983, and counsel will be appointed to assist Plaintiff with prosecution of his claim.

IT IS THEREFORE ORDERED that:

1. Defendants' motion for partial dismissal, Filing No. 28, is granted consistent with this Memorandum and Order.

2. Defendants shall have until **October 9, 2025,** to file an answer to Plaintiff's Amended Complaint, Filing No. 21.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **October 9, 2025**: deadline for Defendants' answer.

4. Plaintiff's request for the appointment of counsel is granted.  The Court will enter a separate order appointing counsel once an appointment is made.

Dated this 25th day of September, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge